IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY WRIGHT<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>DAVID LESLIE STAHELI, JR., R.N.<br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br>Case No. 2:08-CV-266 |

In this action, pursuant to 42 U.S.C. § 1983, Plaintiff Timothy Wright claims that

Defendant David Leslie Staheli, a registered nurse, violated his rights under the United States

Constitution, the Utah Constitution, and Utah law by failing to immediately diagnose and treat a

testicular torsion he suffered on the morning of December 23, 2006 while he was in custody at

the Utah County Jail in Spanish Fork, Utah. Wright moved for summary judgment on the eight

affirmative defenses included in Staheli's answer. Those affirmative defenses are that:

> 1. Plaintiff's claim is barred by the Prison Litigation Reform Act
> ("PLRA") because the Plaintiff failed to exhaust his administrative remedies prior
> to bringing this suit.
> 2. Defendant is entitled to qualified immunity because his actions were not
> contrary to clearly established law.
> 3. Plaintiff failed to allege a sufficient basis for punitive damages.
> 4. Plaintiff's claims for damages are speculative, conclusory, and not

1

supported by sufficient factual allegations.

     5. Plaintiff's claims for emotional distress are not cognizable under federal law and barred by the PLRA because Plaintiff did not suffer a physical injury.

     6. Plaintiff failed to file a notice of claim and to post an undertaking as required for suit under the Utah Governmental Immunity Act ("UGIA"), Utah Code Ann. §§ 63-30d-101 & 78-11-10.

     7. Plaintiff's claims under state law are barred under state law by the UGIA and that those claims were frivolous in light of the Utah Department of Occupational and Professional Licensing's decision on June 12, 2008 "exonerat[ing]" Plaintiff from negligence.

     8. Plaintiff's claims under the Utah Constitution are barred because the clause is not self-executing.

Answer, at 7-9, dkt. 11 (Oct. 7, 2008). In his opposition to that motion, Staheli also moved for summary judgment on several grounds, and a total of eight motions to strike ensued. On July 28, 2009, the Court held a hearing covering all of these motions. Plaintiff Wright was represented by Brian M. Barnard; Defendant Staheli was represented by Frank D. Mylar.

At the hearing, the Court granted Wright's Motion for Summary Judgment with respect to Staheli's first , third, fifth, and eighth affirmative defenses, and denied the motion with respect to his fourth, sixth, and seventh affirmative defenses. In addition, the Court granted Wright's Motion to Strike Inadmissible Evidence, dkt. 20 (Feb. 6, 2009), granted Staheli's Motion to Strike the Affidavit of Cindy Wright, dkt. 49 (Mar. 25, 2009), denied Wright's Motion to Strike Portions of the First Affidavit of David Leslie Staheli, dkt. 23 (Feb. 14, 2009), denied Wright's Motion to Strike the Unauthenticated Medical Records, dkt. 26 (Feb. 14, 2009), denied Wright's Motion to Strike the Affidavit of Dale Bench, dkt. 43 (Mar. 20, 2009); and denied Wright's Motion to Strike the Second Affidavit of Dale Bench, dkt. 46 (Mar. 20, 2009). The Court took Wright's Motion for Summary Judgment on Staheli's second (qualified immunity) affirmative

defense, as well as Wright's Motion for Summary Judgment, under advisement. After

consideration of the written briefs and oral arguments submitted by the parties, the Court enters

the following Memorandum Decision and Order.

## I. Factual Background

On the morning of December 23, 2006 at approximately 8:00 a.m., Plaintiff Timothy

Wright got up from his bunk in the Utah County Jail. As Wright stood up, he felt a sudden severe

pain in his left testicle. Later that morning, Wright reported to the medical unit and was

examined by Defendant Jail Nurse David Leslie Staheli, Jr.  After assessing Wright, Nurse

Staheli told him to take Advil, which would be delivered at the med-pass[1] that evening, and also

scheduled him for the next available doctor's appointment date, on December 25, 2006. In his

affidavit, Nurse Staheli admitted that "[i]f Plaintiff had complained of severe pain or if I had

observed significant swelling on December 23, 2006, I would have called a doctor to obtain

further guidance." Staheli Aff., ¶ 13, dkt. 18 (Jan. 23, 2009). At some point during the next two

days and without Nurse Staheli's knowledge, Wright's appointment was changed from

December 25, 2006 to December 27, 2006.

After enduring several more days of testicular pain, Wright was taken to see Dr. Randy

K. Oliver on December 27, 2006. Dr. Oliver ordered a Doppler scan to determine whether

Wright had suffered a testicular torsion. When the scan was performed later that day, it revealed

that Wright had suffered a testicular torsion and that his left testicle was dead. Wright was

transported to a hospital for emergency surgery. In the surgery, Wright's dead left testicle was

---

[1] Med-pass is the regular time each day when medicines are passed out by the jail staff to inmates. *See* Wright Decl., dkt. 37 (Mar. 4, 2009).

removed and Wright's right testicle, which was also found to be partially twisted,  was

repositioned and sewn in place.

## II. Discussion

Federal Rule of Civil Procedure 56 provides that a moving party is entitled to summary

judgment, if, based on the record and pleadings, there is "no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." If a non-moving party fails

to establish the existence of an essential element of its case or defense on which it has the burden

of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). Whether a fact is material is determined for summary judgment

purposes by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). Whether an issue is "genuine" is determined by looking at whether "a reasonable

jury could return a verdict for the nonmoving party. *Id.* at 248-49 ("[A]ll that is required is that

sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to

resolve the parties' differing versions of the truth at trial." (quoting *First Nat. Bank of Ariz. v.

Cities Service Co.*, 391 U.S. 253, 288-89 (1986))).

### A. The Dueling Motions for Summary Judgment on Staheli's Qualified Immunity Defense

Wright argues that Staheli is not entitled to qualified immunity because the facts alleged

by Wright in his Amended Complaint demonstrate a clear violation of his rights under both the

United States and Utah constitutions. Staheli, on the other hand, argues that he is entitled to

qualified immunity because he had no knowledge of Staheli's serious medical problem until after

this suit was filed. Generally, the doctrine of qualified immunity shields government officials

4

from individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff to satisfy a two-part test. *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000); *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995). Once challenged, a plaintiff must demonstrate that: (1) the alleged conduct violated a constitutional right, and (2) the law was clearly established at the time of the defendant's actions. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).

The parties have both directed the Court to cases which they believe allow this issue to be resolved on summary judgment. Wright, for instance, cites a variety of cases which generally hold that it is clearly established that deliberate indifference to a prisoner's serious medical needs is proscribed by the Eighth Amendment. *See, e.g.*, *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Garcia v. Salt Lake County.*, 768 F.2d 303, 307 (10th Cir. 1985). Staheli, on the other hand, cites a number of cases which hold that the Eighth Amendment does not require a correctional facility to have a physician present at all times, *see, e.g.*, *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and that the Eighth Amendment is not violated unless medical care is intentionally or recklessly denied, *see, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The number and material nature of the factual disputes surrounding the parties' encounter on December 23, 2006 preclude summary judgment in favor of either party on Staheli's qualified immunity defense. Both Staheli and Wright have supplied sufficient evidence

in support of their differing versions of the truth. Furthermore, Staheli himself admitted in his affidavit that he would have called a doctor if he was aware that Wright was suffering from severe pain or swelling on December 23, 2006. *See* Staheli Aff., ¶ 13. Determining whether he was deliberately indifferent to Wright's medical needs in not taking this action on December 23, 2006, and determining whether Wright was indeed suffering from a serious medical need when he first presented to Staheli that day should properly be resolved by a jury or judge at trial. Accordingly, both parties' motions for summary judgment on Staheli's qualified immunity defense are DENIED. In addition, Staheli's Motion for Summary Judgment on Wright's § 1983 is similarly DENIED.

### B. Staheli's Motion for Summary Judgment on Wright's State Law Claims

Staheli also moved for summary judgment on Wright's state law claims of "unnecessary rigor," "negligence," and "medical malpractice." At the outset, it is clear that Wright's claims under the unnecessary rigor clause of the Utah constitution survive Staheli's summary judgment motion.[2] Under Utah law, the unnecessary rigor clause is self-executing. *See Dexter v. Bosko*, 2008 UT 29, ¶ 21, 184 P.3d 592, 597. As a result, that clause of the Utah constitution can be enforced without implementing legislation and cannot be limited by statutory enactment, such as the UGIA. *See Heughs Land, LLC. v. Holladay City*, 2005 UT App. 202, ¶ 9, 113 P.3d 1024, 1026 (holding that where a claim is brought "under a self-executing provision of the constitution, the State is not immune under the UGIA" because "legislative power itself must be exercised

---

[2] The Court has already granted Wright's motion to dismiss Staheli's eighth affirmative defense, in which Staheli argued that Wright's claims under the Utah Constitution were "barred because the clause is not self-executing as applied to this case." Answer, at 9.

within the framework of the constitution." (quoting *Colman v. Utah State Land Bd.*, 795 P.2d 622 (Utah 1990))). Accordingly, Staheli's motion is DENIED insofar as it seeks summary judgment on Wright's claims under the Utah constitution.

The UGIA, however, does apply to Wright's state law negligence and medical malpractice claims.[3] Wright has properly filed a notice of claim pursuant to § 63G-7-401 of the UGIA. *See* Wright Memo. in Supp. of Summary Judgment on Affirmative Defenses, exhibit A, dkt. 14 (Dec. 15, 2008). He has not, however, timely filed a written undertaking as required by Utah Code Ann. § 63G-7-601. *See* Notice, dkt. 12 (Dec. 12, 2008). In regards to his failure to timely post an undertaking, Wright focuses exclusively on the fact that another statute which required similar filings–Utah Code Ann. § 78-11-10–was repealed by the Utah State Legislature in 2008. That section had required plaintiffs to file a written undertaking before filing an action "against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state." Utah Code Ann. § 78-11-10 (2006). But Staheli does not rely on that statute alone. He also relies upon Utah Code Ann. § 63-30d-601 (since renumbered as § 63G-7-601), which requires plaintiffs who file actions under the UGIA to "file an undertaking in a sum fixed by the court that is: (a) not less that $300; and (b) conditioned upon payment by the plaintiff of taxable costs incurred by the governmental entity in the action of the plaintiff fails to prosecute the action or fails to recover judgment." In *Rippstein v. City of Provo*, the Tenth Circuit interpreted this language as "sufficiently positive to indicate that an

---

[3] The Court has already denied Wright's motion to dismiss Staheli's sixth affirmative defense, which focused on Wright's failure to post an undertaking as required under the UGIA, and his seventh affirmative defense, which argued that the UGIA barred claims which "arise out of Plaintiff's incarceration and out of an alleged civil rights violation." *Id.* at 8.

undertaking must be filed contemporaneously with the complaint in order to be timely under section 63-30-19 [a predecessor statue to § 63G-7-601]." 929 F.2d 576, 578 (10th Cir. 1991). Under *Hansen v. Salt Lake County*, the proper remedy for failure to make a timely filing of an undertaking is dismissal without prejudice. 794 P.2d 838, 840 (Utah 1990).

In addition, Wright also acknowledges that Utah Code Ann. § 63G-70-301 and certain case law provides an exception to the UGIA waiver of state immunity for injuries arising out of the negligent acts of state employees if the injury in question arises out of a violation of "civil rights" or "incarceration." *See* Wright Memorandum in Support of Motion for Summary Judgment on Affirmative Defenses, at 18-19; Wright Reply, at 7, dkt. 22 (Feb. 6, 2009). The UGIA is written in such a way that governmental entities are presumed to be immune from all suits which result from the exercise of a governmental function, unless a plaintiff can expressly fall within a specific exception. *See* Utah Code Ann. § 63G-7-201. In this case, the claims against the Defendant are barred because immunity is expressly retained for claims arising out of, in connection with, or resulting from a negligent act of an employee committed within the scope of employment, a civil rights violation, or a prisoner's incarceration in a prison or jail. *See id.* § 63G-7-301(4) (scope of employment); 63G-7-301(5)(b) (violation of civil rights); 63G-7-301(5)(j) (incarceration in a prison or jail).

Though Plaintiff Wright necessarily admits that his negligence and medical malpractice claims may be barred under these provisions of the UGIA, he nevertheless requests this Court to certify this issue to the Utah Supreme Court for consideration, relying largely upon the dissenting opinion in *Ross v. Schackel*, 920 P.2d 1159, 1168 (Utah, 1996) (Stewart, J.,

8

Dissenting). *See* Wright Reply, at 7. Federal courts, however, must "apply judgment and restraint" before certifying questions to state courts. *See Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) ("[W]e will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks."). Indeed, certification is only appropriate where the question before us "is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance." *Id.*

In the present case, the *Ross* majority's holding that the UGIA did not violate the open courts clause of the Utah constitution in barring prisoners' negligence actions against prison physicians, coupled with the clear language of the UGIA, provides this Court with sufficient comfort to decide the issue without further guidance from the state courts. *Id.* at 1166. Since Wright's state law negligence and malpractice claims expressly arise out of a civil rights violation and his incarceration in a county jail, they are barred by the UGIA and must be dismissed with prejudice. Accordingly, Staheli's Motion for Summary Judgment on Wright's negligence and medical malpractice claims is GRANTED.

### III. Conclusion

For the foregoing reasons, both parties' motions for summary judgment on Staheli's qualified immunity defense are DENIED. Staheli's Motion for Summary Judgment on Wright's § 1983 claims is similarly DENIED. Finally, Staheli's Motion for Summary Judgment on Wright's state law claims is DENIED with respect to Wright's claims under the Utah constitution, but GRANTED with respect to Wright's negligence and medical malpractice claims.

**IT IS SO ORDERED.**

DATED this <u>3rd</u> day of September, 2009.

_____
Judge Dee Benson
United States District Court